IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE ROZALIA GRIMES,   )
                            ) No. 13-1382
    Plaintiff,               )

    v.

CAROLYN W. COLVIN,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for disability benefits pursuant to Title XVI of the Social Security Act. Plaintiff alleged disability due, <u>inter alia</u>, to daily migraines, with a date of onset of April 1, 2010. The application was denied upon hearing, and the Appeals Council denied her request for review. This appeal followed, and the parties' cross-motions are now before the Court. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded.

### OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. <u>See</u> 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Moreover, the Court cannot fill the gaps in the ALJ's report – my role is limited to considering the explanations that the ALJ actually provides for his decision. Kobulnicky v. Astrue, 2013 U.S. Dist. LEXIS 42838 (W.D. Pa. 2013).

I. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in various ways when addressing her headaches; failed to account for her limitations in concentration, persistence, and pace; and improperly considered gaps in treatment as evidence of lack of severity. Because each of these relate to the

same alleged impairment and medical evidence, I address them together.[1] In this case, the call for remand arises at steps two and three of the five-step sequential analysis required of the ALJ. See 20 C.F.R. § 404.1512(a).

At step two of the sequential analysis, in order for an impairment to be considered "severe," it must "significantly limit[] [claimant's] physical or mental ability to do basic work activities . . ." 20 C.F.R. §§ 416.920(c), 404.1520(c). Conversely, an impairment is "not severe" if it doesn't significantly limit the claimant's physical ability to do basic work activities. 20 C.F.R. § 416.921. Severity requires a twelve-month duration, which is satisfied when an impairment "can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Eckenrode v. Astrue, 2012 U.S. Dist. LEXIS 178589, at *7 (W.D. Pa. Dec. 18, 2012). Reasonable doubts regarding severity are to be resolved in the claimant's favor. Newell v. Commissioner, 347 F. 3d 541 (3d Cir. 2003).[2] At step three of the analysis, even if an impairment is non-severe, an ALJ must consider the limitations caused by those impairments when arriving at an RFC. Kobulnicky, 2013 U.S. Dist. LEXIS 42838, at *22.

While an ALJ is free to reject evidence that he deems not credible, he is not free to "reject evidence for no reason or for the wrong reason." Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). The reports of treating physicians are typically afforded great weight. Whitmore v. Barnhart, 469 F. Supp. 2d 180, 193 (D. Del. 2007). Accordingly, such opinions should only be rejected on the basis of contradictory medical evidence. Id. Similarly, absent contrary medical

---

[1] The exception is Plaintiff's argument that the ALJ improperly dealt with the opinion of Dr. Letore, who performed a mental status examination. I find no error in that regard.

[2] It is true that the step two requirement that the claimant have a severe impairment is generally considered to be "a de minimis screening device to dispose of groundless claims." Newell v. Commissioner of Social Security, 347 F.3d 541, 546-47 (3d Cir.2003). Often, the fact that the ALJ proceeded with the sequential process, despite finding one impairment non-severe, renders any error in that regard harnless. In this case, however, due to overall sparsity in his consideration of Plaintiff's headaches, remand is warranted.

evidence, subjective pain complaints should not be discounted when reasonably supported by medical evidence. Green v. Schweiker, 749 F. 2d 1066, 1068 (3d Cir. 1984).

Here, the ALJ referred only briefly and superficially to the medical evidence regarding Plaintiff's headaches. Accordingly, while this Court is unprepared to challenge his conclusions as incorrect, nor can I perform any meaningful review of his conclusions in that regard. He stated that the headaches followed a September 2011 car accident, during which Plaintiff sustained a concussion and loss of consciousness. He makes brief mention of her post-accident treatment by Dr. Rice, a neurologist. Dr. Rice prescribed Topomax, which the ALJ stated had "worked well for her headaches in the past." Dr. Rice had evaluated and treated Plaintiff for headaches prior to the accident; Dr. Rice stated that Plaintiff had "done fairly well" on Topomax previously.[3] Plaintiff, however, testified that medications had not helped either before or after the accident. In conclusion, the ALJ stated that certain impairments, including Plaintiff's headaches, were "not severe" because "they cause no more than minimally vocationally relevant limitations, have not met the durational requirement, and/or are not fully supported by the medical evidence of record."

When discussing the RFC, the ALJ is virtually silent about Dr. Rice, and Plaintiff's pre- or post-accident headaches. To the extent that the RFC appears to accommodate certain limitations that might be related to this impairment – such as exposure to noise – it is unclear whether photophobia, which Dr. Rice mentioned in the same sentence as phonophobia, was not considered. Likewise, it is unclear why the ALJ discounts Plaintiff's subjective complaints regarding the headaches, due to her function report of her ability to do various activities of daily living; the activities recounted in his decision are not necessarily inconsistent with Plaintiff's

---

[3] Also prior to the accident, on November 11, 2010, Plaintiff's child was born. Plaintiff presents her pregnancy as an explanation for a gap in medical treatment.

complaints.  Lastly, the ALJ mentions no evidence that conflicts with Dr. Rice's conclusions.
Indeed, the record appears to lack any medical opinion regarding the affect of the headaches, if
any, on Plaintiff's abilities.   While I take note of various evidence that might indeed undermine
Plaintiff's complaints, it is not clear that the ALJ took similar note.   As mentioned <u>supra</u>, it
exceeds my role to fill gaps in the written decision.

**CONCLUSION**

In conclusion, the ALJ's treatment of Plaintiff's headaches at steps two and three of the sequential analysis does not allow for meaningful review by this Court.  Therefore, this matter will be remanded allow the ALJ the opportunity to clarify his decision regarding Plaintiff's headaches, and for further development of the record, should he deem it necessary.  An appropriate Order follows.

**ORDER**

AND NOW, this 5th day of June, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that this matter is remanded for further proceedings consistent with this Opinion.

BY THE COURT:

<u>/s/Donetta W. Ambrose</u>

Donetta W. Ambrose

Senior Judge, U.S. District Court